## MORTON *v.* LACY.

### Opinion delivered November 25, 1907.

LEASE—CONSTRUCTION.—Under a lease which provided for the payment of a fixed rent, but stipulated that in the event of a partial overflow the lessees should, on the first day of June, notify the lessor whether they claimed damage to the crop, and that if no agreement could be made between them as to the amount of reduction in rent then the lessors should receive a certain part of the crop raised that year, *held,* that if, after the overflow and notice thereof, the parties could not, or did not, agree as to the amount of reduction, the contract fixed the amount of rent due, whether the parties did anything toward reaching an agreement or not.

Appeal from Arkansas Circuit Court; *Antonio B. Grace,* Judge; affirmed.

Action by J. G. Morton and Carrie Morton against Lacy Brothers & Kimball to recover $2,000 for rent of land due upon written contract.

The plaintiffs recovered judgment for $878.35, and appealed therefrom to this court.

*Pugh & Wiley,* for appellants.

There was nothing before this court on the first appeal but a construction of the contract with reference to the sufficiency of notice given on the 7th of April, instead of the first of June; hence the statement of the court that "if the parties did not agree the contract fixes the rent" was *dictum* only, and ought not to be held to be the law of the case on this appeal. The contract should be construed as a whole, and effect given, if possible, to every word, and all parts thereof. Bishop on Contracts, § § 380, 381, 382 and 384; 3 Ark. 222; 23 Ark. 582. A contract will be construed most strongly against the obligor. 4 Ark. 199. And its interpretation is a question of law for the court. 2 Parsons, Cont. (8 Ed.), 492, 610; 75 Ark. 55.

*Taylor & Jones,* for appellees.

The facts developed in evidence are the same as on the former appeal; and, since "after the overflow and notice thereof the parties could not, or did not, agree on the amount of reduction in the rent, the contract fixes it."

McCULLOCH, J. This is an action instituted by appellants against appellants, Lacy Brothers & Kimball, to recover $2,000 alleged to be due upon written contract for rent of land.

The contract stipulated an annual rental of $2000, but provided that if an overflow prevented the making of a crop no rent should be payable. It also contained the following stipulation: "In the event of a partial overflow of said lands second parties shall notify first parties on the first day of June of such year if they claim damage to crop thereby. If no agreement can be made between the parties hereto as to amount of reduction in rent for that year on account of said damage, then first parties shall receive as rent for such year one-third of all corn, hay and other feed produced on the land, and one-fourth of the cotton and cotton seed, and shall have the use of the gin house and machinery for the year."

On the former trial of the case the plaintiffs recovered judgment for the full amount of the stipulated rent, the court having given the jury a peremptory direction to return a verdict in favor of the plaintiffs for that amount on the alleged ground that the lessees had failed to give timely notice, as provided in the contract, of damages by reason of overflow.

The defendants appealed, and this court reversed the judgment on account of the erroneous direction and remanded the case for a new trial. *Lacy* v. *Morton,* 76 Ark. 603.

On the second trial below it was conceded that there was a partial overflow, which substantially damaged the crop, and that timely notice of the claim of damage had been given.

Appellants (plaintiffs) requested the court to give several instructions to the effect that unless the defendants, after having given notice of a claim of damage, made an effort in good faith to come to an agreement with plaintiffs as to reduction of the rent they could not claim the benefit of the contract with reference to payment only of the stipulated share of the crop, and that the plaintiffs would, in that event, be entitled to recover the full amount ($2,000) of rent.

The court refused to give these instructions, but instructed the jury to return a verdict in favor of the plaintiffs for the value of one-third of the corn and one-fourth of the cotton and cotton seed produced on the lands, and for the value of the use of the gin house and machinery.

The jury returned a verdict for plaintiff for the sum of $878.35.

The instruction was correct.

This court in the opinion on the former appeal said that "if, after the overflow and notice thereof, the parties could not, or did not, agree on the amount of the reduction in rent, the contract fixes it by providing that the rent shall then be one-fourth of the cotton and one-third of the corn, hay, and other products of the land for that year."

Without stopping to consider whether, as argued by appellant's counsel, the statement in the opinion was *dictum,* we have no hesitancy in saying now, since it is the point in the case directly raised by this appeal, that it expressed a correct interpretation of the contract. It was not necessary, after the occurrence of the partial overflow—such an overflow as was sufficient to substantially injure the crop—and the giving of notice of claim of damages, for either party to attempt to bring about an agreement as to the amount of reduction of the rent. The contract in that event fixed the rent at the stipulated share of the crop unless the parties should agree upon a reduced amount

to be paid. If no agreement as to the amount was reached, the contract fixed the basis of settlement, regardless of whether the parties did anything towards reaching an agreement or not on the amount of reduction. This is a reasonable construction of the contract. It fixes the rent at the lump sum of $2,000, without stating the amount per acre, in the event of no damage by overflow; and the contracting parties, bearing in mind the fact that a hurtful overflow in that locality was not improbable and that it might not be practicable for them in the event of such contingency to agree upon a proper reduction, stipulated for a certain fair and just division of the crops produced on the leased premises in lieu of the payment of money rent, unless they should agree upon a reduction of the rent.

Judgment affirmed.